[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action in which the defendants Kenneth A. Wilkinson and Dawn Wilkinson have been defaulted for failure to appear and a Judgment of Strict Foreclosure entered on April 10, 1995. The defendants failed to redeem on the Law Day set for them. Additionally, all subsequent encumbrancers failed to redeem. Title to the subject property vested in the plaintiff Wilshire Credit Corporation (Wilshire) on May 23, 1995. As a procedural note, the plaintiff Wilshire was substituted as the party plaintiff in lieu of the original plaintiff, Federal Deposit insurance Corporation (FDIC), on the basis that Wilshire, by virtue of an asset sale, acquired the interest of the FDIC in the mortgage which is the subject of this foreclosure.
On August 7, 1995 the Court heard testimony from Robert Herroux of Danielson, Connecticut, a licensed real estate appraiser regarding the fair market value of the subject property as of the date on which title vested in the plaintiff. The property consists of a single family residence of approximately thirteen hundred square feet situated on a lot of approximately one quarter of an acre and located at 180 Woodstock Avenue, Putnam, Connecticut. Based on the evidence adduced at the hearing the court finds that the fair market value of the subject property on May 23, 1995 was seventy one thousand ($71,000) dollars, broken down as fifty one thousand ($51,000) dollars for improvements and twenty thousand ($20,000) dollars for the land.
At the time of the Judgment of Strict Foreclosure, the Court found the debt to be one hundred and twelve thousand ($112,914.20) nine hundred fourteen dollars and twenty cents. Additionally, the Court awarded legal fees in the amount of fifteen hundred ($1500.00) dollars, appraiser's fees in the amount of three hundred and fifty ($350.00) dollars, a title search fee in the amount of one hundred and fifty ($150.00) dollars, and court costs of seven hundred sixty seven ($767.60) dollars and sixty cents. CT Page 13213 Additionally, interest on the debt ran at a per diem rate of twenty five ($25.00) dollars from the date of Judgment until May 23, 1995, the date title vested in the plaintiff, for an additional sum of one thousand one hundred and thirteen ($1113.70) dollars and seventy cents. Those sums total one hundred sixteen thousand seven hundred and ninety five dollars ($116,795.50) and fifty cents. The court awards supplemental legal fees in the amount of four hundred ($400.00) dollars and a supplemental appraisal fee in the amount of three hundred ($300.00) dollars, both amounts requested by counsel and found reasonable by the court, bringing to total due to one hundred seventeen thousand four hundred ninety five ($117,495.50) dollars and fifty cents. From this amount is deducted the sum of seventy one thousand ($71,000) dollars, the fair market value of the property as of the date title vested, as well as the further sums of four thousand eight hundred and twenty one ($4821.74) dollars and seventy four cents for real estate taxes and nine hundred seventy eight ($978.28) dollars and twenty eight cents for Water and Sewer Use Charges, both prior encumbrances. Accordingly, a Deficiency Judgment may enter in favor of the plaintiffs in the amount of forty thousand six hundred and ninety five ($40,695.48) dollars and forty eight cents with interest to run at the statutory rate from August 7, 1995, the date of the hearing on the Plaintiff's Motion for a Deficiency Judgment.
Bishop, J.